The opinion of the court was delivered by
Brewer, J.:
Plaintiff in error was treasurer of defendant in error for three years. At the expiration of that time the defendant in error brought an action against plaintiff in error to recover a balance of school moneys remaining in his hands, and not paid over to his successor in office. The issues were referred to a referee who reported in favor of the school district, which report was confirmed by the district court and judgment rendered thereon.
*574 The only substantial questions are upon the rejection of certain testimony offered on the trial before the referee. Two books containing records of the treasurer’s office, were produced, which had been turned over by Hinton to his successor. It appeared from the testimony that there was another small book, in which during the whole of the first and part of the second year, and prior to the purchase of the books offered in evidence, were entered all the moneys received and paid out by Hinton as such treasurer. This book was sent by Hinton by a messenger to his successor, but was lost on the way. Its loss was sufficiently and clearly' shown. Thereupon this question was asked the plaintiff in error: “You will please state if the said small book does or does not contain an account of moneys received and paid out by you as such treasurer of the said school district, not contained in Book B, or any other book, and if so state the amounts as near as’ you can.” This question was objected to, the objection sustained, and exceptions duly taken. Was there error in this ruling ? So far as the first part of the question is concerned it had already been answered, and the witness had testified that this small book “contained an account of all the money that he received and paid out as such treasurer of said school district for the first and part of the second year of his term of office,” and that such account had not been kept or transcribed in any other book. Upon this proof should he have been permitted to testify as to the amounts appearing on the face of this account book? This book was not an official record. At least, there was no statute requiring any such book to be kept. It was purely a private account, kept by himself. He was required at the end of each year to present to the district a report in writing of all moneys received and all moneys disbursed, with the vouchers therefor, which report was to be recorded by the clerk of the district. (Gen. Stat., 924, ch. 92, § 41.) The law presumes that every officer does his duty. There is nothing in the testimony to show that Hinton did not make such report, or that the clerk failed to record, or had lost it. This therefore was the *575 best evidence, the official record, and until it was shown that such testimony never existed, or had been lost or destroyed, no private memoranda or account kept by the treasurer was admissible. For a similar reason- the question to the clerk was improper. He testified that he had examined the books and papers of Hinton while he was treasurer, and at his request. He was then asked to state the result of that examination. Upon objection this testimony was rejected. Other reasons also might be given why such testimony was properly rejected.
The judgment will be affirmed.
All the Justices concurring.